**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

BEAU LEE DUBOIS                                                                          PLAINTIFF
ADC #153331

V.                                       NO: 4:13CV00465 SWW/HDY

DAVID ROBERT WARE *et al.*                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

W. Wright.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
         Judge (if such a  hearing is granted)  was not  offered at  the
         hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
         hearing before the District Judge in the form of an offer of

1

proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Beau Lee DuBois, an Arkansas Department of Correction inmate, filed a *pro se*

complaint on August 13, 2013, alleging that he was denied adequate medical care for an eye

condition which led to blindness in his left eye.  On March 13, 2014, Defendants Vesta Mullins,

Alushia Robinson, and David Robert Ware, filed a motion for summary judgment, a brief in support,

and a statement of facts (docket entries #65-#67).  Plaintiff filed a response and a brief in support

on March 21, 2014 (docket entries #68 & #69).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

## II. Analysis

Plaintiff asserts in his complaint that he began having "lightning bolt flashes" in his left eye on April 14, 2013. During the course of treatment for Plaintiff's previous eye problems, his physician told him that if he ever had such symptoms, he should seek immediate medical treatment, because the symptoms indicated that his retina was detaching, and without prompt treatment, permanent eye damage could result. Plaintiff asserts that he immediately notified the prison medical department, but was not taken to the hospital until April 29, 2013. Surgical procedures on May 16, 2013, and July 25, 2013, were unsuccessful, and Plaintiff remains blind in his left eye.

Mullins, Robinson, and Ware, contend that Plaintiff's claims against Mullins and Ware should be dismissed because he failed to exhaust any grievance complaining of their actions before he filed this lawsuit, and that Plaintiff's claims against Robinson should be dismissed because Plaintiff cannot establish that she was deliberately indifferent to his left eye problems.

Exhaustion

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340

F.3d 624, 627 (8th Cir. 2003). However, lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).

In support of their claim that Plaintiff failed to exhaust any administrative remedy against Mullins and Ware, Mullins, Robinson, and Ware, have provided the declaration of Shelly Byers, Arkansas Department of Correction's medical grievance coordinator for Deputy Director Rory Griffin (docket entry #67-4). According to Byers, Plaintiff exhausted only one grievance, WHM-13-00024, during the relevant time period, and it relates to his April 15, 2013, clinic visit with Robinson (docket entry #67-4, page #22). Neither Mullins nor Ware were named in the exhausted grievance. According to prison policy, the grievance should be specific as to, among other things, the "personnel involved" (docket entry #67-4, page #7). That requirement is on the grievance form itself. The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because Plaintiff failed to properly exhaust his administrative remedies with respect to his claims against Mullins and Ware, they are entitled to summary judgment.

Deliberate indifference

There is no dispute that Plaintiff exhausted his administrative remedies with respect to his claims against Robinson. Plaintiff first saw Robinson on April 15, 2013, when he reported to the clinic with complaints of eye problems.

To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239.

Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Applying the above standards to this case, it is clear that Robinson is entitled to summary judgment. Although this lawsuit is about Plaintiff's vision loss in his left eye, Plaintiff's April 14, 2013, request for medical treatment, which Plaintiff himself completed, complains of problems with his right eye (docket entry #67-1, page #20). Robinson noted that Plaintiff was already scheduled to see an ophthalmologist, and told him if his condition worsened, to return to the infirmary. Robinson had no further encounter with Plaintiff. Additionally, Plaintiff was seen by Ware, a physician, on April 19, 2013. At that time, Dr. Ware spoke by phone to specialists at the Jones Eye Institute, and determined that emergency care was not warranted (docket entry #67-2). No medical evidence has been provided demonstrating a deterioration in Plaintiff's condition between the time (4 days) he saw Robinson and Dr. Ware. After Dr. Ware became involved, Robinson would not have had authority to change any of his orders. Thus, Plaintiff cannot establish that Robinson was deliberately indifferent to his left eye problems.

Defendant Tenille Watts

Watts is not a party to the motion. However, Watts has not been served with the summons and complaint, despite attempts to do so in the care of counsel for the prison's medical contractor

(docket entry #28), and at Watts's last known address (docket entry #38). Accordingly, Plaintiff's claims against Watts should also be dismissed. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (plaintiffs proceeding *in forma pauperis* are responsible for providing defendants' addresses), *cert. denied*, 510 U.S. 875 (1993); FED.R.CIV.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint).[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Vesta Mullins, Alushia Robinson, and David Robert Ware (docket entry #65) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Robinson.

3. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __7__ day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]Even if Watts had been served, Plaintiff would be unable to establish any deliberate indifference by her. Watts first saw Plaintiff on April 19, 2013, and referred him that day to a physician as an "emergent need" patient (docket entry #2, page #6; docket entry #67-1, page #22).